# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-0048V
UNPUBLISHED

| | |
|---|---|
| YVETTE ALEXANDER,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: August 2, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Andrew Henning, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On January 4, 2021, Yvette Alexander filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine injury ("SIRVA"), a defined Table injury, after receiving the influenza vaccine on December 19, 2019. Petition at ¶¶ 1, 10.  Petitioner further alleges that she received the vaccine within the United States, that she suffered the residual effects of her SIRVA injury for more than six months, and that neither she nor any other party has filed a civil action or received compensation for her SIRVA injury. Petition at ¶¶ 1, 6-8. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On July 29, 2022, Respondent filed his Rule 4(c) Report and Proffer on Damages in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report and Proffer at 1. Specifically, Respondent believes "that [P]etitioner has satisfied the criteria set forth in the Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI") for SIRVA". *Id.* at 11. Respondent further agrees that "based on the record as it now stands, [P]etitioner has satisfied all legal prerequisites for compensation under the Vaccine Act." *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master